IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Beatrice Sullivan David as Personal | ) | |
| Representative of the Estate of Thomas B. | ) | C.A. No. 8:04-0033-HMH-BHH |
| Sullivan, #270534, and Mrs. Jacquelyn T. | ) | |
| Sullivan, | ) | |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| MCI WorldCom, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local

Rule 73.02 DSC.[1]  Beatrice Sullivan David ("David") brought suit on behalf of her brother,

Thomas B. Sullivan ("T. Sullivan"), an inmate at Perry Correctional Institution, and her

brother's deceased wife, Jacquelyn T. Sullivan.  ("J. Sullivan") (Rept. at 2.)  David asserts

four claims against MCI WorldCom, Inc. ("WorldCom"), all stemming from an incident in

which J. Sullivan allegedly stepped on a nail at a WorldCom facility.  On March 9, 2005,

WorldCom filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1)

and 12(b)(6).  Additionally, WorldCom filed a motion to strike David's sur-reply to

---

[1] The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

WorldCom's motion to dismiss.  Magistrate Judge Hendricks recommends granting

WorldCom's motion to dismiss.  David filed objections to the Report.  For the reasons stated

below, the court adopts the Report and Recommendation in part and dismisses David's action.

Accordingly, WorldCom's motion to strike is moot.

## I. Factual Background

At some point in September 1999, J. Sullivan, a former employee of MCI, stepped on

"a rusted Nail enlarged out [sic] of the Parking lot Pavement on MCI property."[2] (Compl. at

1.)  The wound did not heal properly, and J. Sullivan developed gangrene in her foot.  (Id.)

Eventually she had to have her leg amputated below the knee.  (Id.)  David alleges that, as a

result of the amputation, J. Sullivan could not exercise, gained an excessive amount of weight,

and had to undergo gastric bypass surgery.  (Compl. at 3.)  However, due to alleged

malpractice during the surgery, J. Sullivan died thirty-six (36) days later.  (Id.)

David filed a complaint on November 26, 2003, in the Court of Common Pleas of

Spartanburg County, alleging four claims:  (1) a tort claim based on premises liability, (2) a

claim for wrongful termination of Sullivan's insurance benefits, (3) a claim for violation of the

Americans with Disabilities Act ("ADA"), and (4) a tort claim for loss of consortium.

WorldCom removed the case on January 5, 2004.  On September 20, 2004, David moved to

amend her complaint.  The Magistrate Judge granted David's motion on January 24, 2004.

On March 2, 2005, the Magistrate Judge extended the deadline for David to file her amended

---

[2]The complaint did not provide a specific date in September when the incident
occurred.  In her objections, David claims that J. Sullivan stepped on the nail on April 4,
1999, not in September.  This ambiguity does not alter the court's conclusion.

pleading until March 21, 2005.  David has yet to file an amended complaint with the court,

although David apparently served WorldCom with an amended complaint on March 21,

2005.[3]  (Rept. at 3 n.1.)  On March 9, 2005, WorldCom filed the instant motion to dismiss to

which David responded on March 28, 2005.

     The Magistrate Judge issued her Report and Recommendation on May 10, 2005,

recommending that the court grant the defendant's motion to dismiss.  The Magistrate Judge

found that all of David's claims arose prior to July 11, 2002, the date that WorldCom and its

subsidiaries declared bankruptcy.[4]  (Rept. at 4.)  As the claims arose before WorldCom

declared bankruptcy and WorldCom is currently proceeding pursuant to a bankruptcy plan,

the Magistrate Judge found that David may only seek relief in the United States Bankruptcy

Court for the Southern District of New York ("Bankruptcy Court").  (Id. at 4-5.)  Hence, the

Magistrate Judge recommends dismissing David's action.  (Id. at 5.)

     Furthermore, the Magistrate Judge analyzed each of David's claims and concluded that

they were subject to dismissal, regardless of the WorldCom bankruptcy.  Specifically, the

Magistrate Judge found that David's claims for premises liability and consortium were time-

barred, that David's claim concerning insurance benefits was preempted by the Employment

---

[3]The Magistrate Judge considered David's claims as set forth in the original complaint
and the instant motion to dismiss, and David raised only one objection to the Magistrate
Judge's portrayal of the claims.  David claims that the Magistrate Judge wrongly stated,
"Mrs. Sullivan was terminated as an employee by the defendant on October 26, 2000."  David
claims that J. Sullivan was "terminated as an employee from MCI Company on October 16,
2000, while on sick/injury leave." (Obj. at 1.)  The distinction in these claims has no effect on
the court's conclusion as set forth below.

[4]WorldCom declared bankruptcy on July 21, 2002, not July 11, 2002.  (Notice of
Bankruptcy at 1.)

3

Retirement Income Security Act ("ERISA"), and David's ADA claim was barred because she had failed to exhaust her available administrative remedies.  David filed objections on May 18, 2005.

## B. OBJECTIONS

Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of David's objections are unspecific, unrelated to the dispositive portions of the Report, or merely restate her claims.  However, the court has gleaned two objections to the Report.

First, David objects to the Magistrate Judge's conclusion that WorldCom's bankruptcy should not preclude her from proceeding in this action.  However, because the court finds that David cannot proceed regardless of the bankruptcy, the court declines to rely on WorldCom's bankruptcy as a second basis for dismissal.

Second, David objects to the Magistrate Judge's conclusion that she cannot proceed with this action, regardless of WorldCom's bankruptcy.  Specifically, David contests the Magistrate Judge's determination that her tort claims for premises liability and loss of consortium are time-barred.  David's objection is without merit.

4

David contends that, although Sullivan stepped on a nail on April 4, 1999, gangrene did not become apparent until six months later.  (Obj. at 2.)  David thus suggests that the statute of limitations should run from October 1999, rather than April 1999.  Even giving David the benefit of the doubt, she had to bring her tort claims before October 2002.  <u>See</u> S.C. Code Ann. § 15-3-530(2), (5) (Law. Co-op. 2005).  David, however, filed her complaint on November 26, 2003.  Hence, the claims for premises liability and for loss of consortium are time-barred.  Moreover, David raised no specific objections to the Magistrate Judge's conclusions that the insurance claim was preempted by ERISA and the ADA claim was subject to dismissal due to David's failure to exhaust available administrative remedies.  Therefore, David can proceed with none of her claims, and, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the Report in part and dismisses David's action.

Therefore, it is

**ORDERED** that Worldcom's motion to dismiss is granted.  It is further

**ORDERED** that Worldcom's motion to strike the sur-reply is moot.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 15, 2005

5

**NOTICE OF RIGHT TO APPEAL**

The plaintiff is hereby notified that she has the right to appeal this order within thirty

days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.